KENJI M. PRICE #10523
United States Attorney
District of Hawaii

REBECCA A. PERLMUTTER
Assistant United States Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd.
Honolulu, Hawaii 96850
Telephone: (808) 541-2850
Facsimile: (808) 541-2958
E-mail: Rebecca.Perlmutter@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MICHELET LOUIS, ) <br> ) <br> Defendant. ) <br> _____ ) | MAG. NO. 19-00036 KJM <br><br> MOTION TO DETAIN DEFENDANT WITHOUT BAIL; CERTIFICATE OF SERVICE |

MOTION TO DETAIN DEFENDANT WITHOUT BAIL

The United States hereby moves to detain defendant without bail, pursuant to 18 U.S.C. § 3142.

1. <u>Eligibility of Case</u>. This defendant is eligible for detention because the case involves (check all that apply):

    \_\_\_\_     a.     Offense committed on release pending felony trial (3142(d)(1)(A)(i))*

    \_\_\_\_     b.     Offense committed on release pending imposition, execution, or appeal of sentence, conviction or completion of sentence (3142(d)(1)(A)(ii))*

    \_\_\_\_     c.     Offense committed while on probation orparole (3142(d)(1)(A)(iii))*

    \_\_\_\_     d.     A citizen of a foreign country or unlawfully admitted person (3142(d)(1)(B))*

    _X_     e.     Crime of violence (3142(f)(1)(A))

    \_\_\_\_     f.     Maximum sentence life imprisonment or death (3142(f)(1)(B))

    \_\_\_\_     g.     10+ year drug offense (3142(f)(1)(C))

    \_\_\_\_     h.     Felony, with two prior convictions in above categories (3142(f)(1)(D))

    \_\_\_\_     i.     Felony not otherwise a crime of violence involving a minor victim (3142(f)(1)(E))

    \_\_\_\_     j.     Felony not otherwise a crime of violence involving the possession or use of a firearm, destructive device, or dangerous weapon (3142(f)(1)(E))

____ k. Felony not otherwise a crime of violence involving a failure to register under 18 U.S.C. § 2250 (3142(f)(1)(E))

__X__ l. Serious risk defendant will flee (3142(f)(2)(A))

__X__ m. Danger to other person or community **

____ n. Serious risk obstruction of justice (3142(f)(2)(B))

____ o. Serious risk threat, injury, intimidation of prospective witness or juror (3142(f)(2)(B))

\* requires "l" or "m" additionally

\*\* requires "a", "b", "c", or "d" additionally

2. <u>Reason for Detention</u>. The court should detain defendant (check all that apply):

__X__ a. Because there is no condition or combination of conditions of release which will reasonably assure defendant's appearance as required (3142(e))

__X__ b. Because there is no condition or combination of conditions of release which will reasonably assure the safety of any other person and the community (3142(e))

____ c. Pending notification of appropriate court or official (not more than 10 working days (3142(d))

3

3. <u>Rebuttable Presumption</u>.  A rebuttable presumption that no condition or combination of conditions will reasonably assure the appearance of defendant as required and the safety of the community arises under Section 3142(e) because (check all that apply):

    ____ a.    Probable cause to believe defendant committed 10+ year drug offense

    ____ b.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 924(c)

    ____ c.    Probable cause to believe defendant committed an offense under 18 U.S.C. § 956(a) or 2332b

    ____ d.    Probable cause to believe defendant committed 10+ year offense listed in 18 U.S.C. § 2332b(g)(5)(B)

    ____ e.    Probable cause to believe defendant committed an offense involving a minor victim listed in 18 U.S.C. § 3142(e)

    ____ f.    Previous conviction for eligible offense committed while on pretrial release

4. <u>Time for Detention Hearing</u>.  The United States requests that the court conduct the detention hearing: *See discussion below.*

    ____ a. At first appearance (initial held telephonically pursuant to 18 U.S.C. § 3265(b)).

    \_\_\_\_ b.    After continuance of \_\_\_\_ days (not more than 3) (for "good cause" and/or by agreement of the parties)

5.    <u>Out of District Rule 5 Cases</u>.  The United States requests that the detention hearing be held: *See discussion below.*

    \_\_\_\_ a.    In the District of Hawaii

    \_\_\_\_ b.    In the District where charges were filed

6.    <u>Other Matters</u>.

On January 10, 2019, the defendant was charged in a criminal complaint on one count of 18 U.S.C. § 875(c) and one count of 18 U.S.C. § 844(e), along with the Military Extraterritorial Jurisdictional Act (MEJA), 18 U.S.C. § 3261(a). Upon the issuance of the arrest warrant, the defendant was arrested in Japan, on the Misawa Air Base, by military law enforcement authorities.  The defendant is currently is in temporary military containment on Yakota Air Base.  He is scheduled to be transported back to the District of Hawaii on a military transport flight in the custody of Special Agents from the FBI-Honolulu Field Office on or about January 15, 2019.

On January 11, 2019, the Court held an initial appearance telephonically with the defendant in Japan, and defense counsel, pre-trial services, and the government in the District of Hawaii.  At that hearing, the government made an

oral motion to detain because the defendant was a flight risk and a danger, pursuant to 18 U.S.C. § 3142, which the defendant through defense counsel agreed to be taken up telephonically at the initial appearance hearing, pursuant to the MEJA statute, § 3265. The Court issued an order for removal pursuant to § 3264(b) (Dkt. No. 5) and temporary detention (Dkt. No. 6). Pursuant to the removal and detention orders, the defendant will remain in temporary military custody until a transfer can be effectuated to the civilian law enforcement authorities, the FBI, for removal and transport back to the United States, as described above.

The government files this written motion to detain following the order of temporary detention and removal of the defendant to the United States. When physically located within the District, the defendant still is a flight risk and a danger to the community and himself. § 3142(f). Other than detention, no conditions of release reasonably could be fashioned to alleviate these concerns based on the nature of the offenses alleged in the sworn complaint and affidavit involving threats of violence and concrete steps taken to carry out such threats, the defendant's recent mental health history, his prior contacts with law enforcement involving violent and aggressive behavior and multiple temporary restraining orders against him within the past two years, and unknown current mental health status. § 3142(e). *See also* Complaint Affidavit.

DATED: January 15, 2019, at Honolulu, Hawaii.

        KENJI M. PRICE
        United States Attorney
        District of Hawaii


By: */s/ Rebecca A. Perlmutter*
    REBECCA A. PERLMUTTER
    Assistant U.S. Attorney

## CERTIFICATE OF SERVICE

I hereby certify that, on the dates and by the methods of service noted below, a true and correct copy of the foregoing was served on the following at their last known addresses:

Served via CM/ECF and Hand Delivery:

**Peter C. Wolff**
Office of the Federal Public Defender
Email: peter_wolff@fd.org

DATED: January 15, 2019, at Honolulu, Hawaii.

/s/ Melena Malunao
U.S. Attorney's Office
District of Hawaii