IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>MICHELET LOUIS,<br><br>Defendant. | CRIMINAL NO. 19-00111 JAO<br><br>**ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT ORDER DEFENDANT TRANSPORTED TO A SUITABLE FACILITY BY JUNE 15, 2022** |

**ORDER TO SHOW CAUSE AS TO WHY THE COURT SHOULD NOT ORDER DEFENDANT TRANSPORTED TO A SUITABLE FACILITY BY JUNE 15, 2022**

On January 28, 2022, the Court issued an order concluding that the Defendant "[was] presently suffering from a mental disease or defect rendering him mentally incompetent to the extent that he [was] unable to understand the proceedings against him and to assist properly in his defense." *See* ECF No. 150 at 2. The Court thereby committed Defendant:

> [T]o the continued custody of the Attorney General pursuant to the provisions of 18 U.S.C. § 4241(d) at a suitable facility closest to the Federal District Court for the District of Hawaii: 1) for such a reasonable period of time, not to exceed four months, as

> is necessary to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the hearing on the order to show cause for violation of supervised release . . . to proceed; and 2) for an additional reasonable period of time until: a) his mental condition is so improved that the OSC may proceed, if the court finds that there is a substantial probability that within such additional period of time he will attain the capacity to permit the OSC to proceed; or b) the pending charges against him are disposed of according to law; whichever is earlier.

*Id.* at 2–3.

At the hearing, the Court instructed the Government "to inform the Court when Defendant Michelet Louis has been transported to the treating facility and to provide the Court with updates regarding defendant's progress." ECF No. 148. Additionally, the "Court DIRECT[ED] the U.S. Marshal Service to expeditiously transport Defendant to the treating facility." *Id.*

On March 7, 2022, the Court requested via email an update from the Government on the status of Defendant's transport. That same day, the Government responded that Defendant had not been moved to a treating facility, that Defendant could not be transported by commercial airline, and that he would be "transported on the next JPATS flight, which may not be until at least later this Spring." Defendant's counsel was included on this and all future email exchanges.

On April 13, 2022, the Court again requested a status update from the Government. The Government replied that Defendant had not yet been moved. The Government further commented that the "information [was] not inconsistent

with USMS report in March that the next JPATs flight to safely transport Mr. Louis might be in late Spring." The Government "took that information to mean that [the flight] could be sometime in June."

On May 24, 2022, the Government informed the Court that the JPATS flight was now delayed until July or August. The Government also relayed that Defendant is still on the waitlist for the facility to which the Bureau of Prisons designated him.

These repeated delays are of serious concern to the Court. At the hearing, the Court understood that the federal facilities had waitlists that would affect Defendant's ultimate placement, *see* ECF No. 149 (filed under seal), but it has now been nearly four months since the Court ordered Defendant's continued detention and his expeditious placement. If the Government's most recent representation for possible transport dates prove true — and the history of this case suggests they may not — Defendant will have been detained for six or seven months before even beginning the 18 U.S.C. § 4241(d)(1) determination.

"Incapacitated criminal defendants have liberty interests in freedom from incarceration and in restorative treatment." *Oregon Advocacy Ctr. v. Mink*, 322 F.3d 1101, 1121 (9th Cir. 2003). Delays in transfer to a suitable facility burden such liberty interests. *See id.* at 1120–21. As such, the Court is concerned that "[t]here might be a point at which unreasonable delays in the hospitalization of [an

incompetent] detainee . . . infringe[] on the detainee's due-process rights." *United States v. Brandreth-Gibbs*, CASE NO. CR20-14 RSM, 2021 WL 764771, at *2 (W.D. Wash. 2021) (quoting Government's concession) (first three alterations in original).

Accordingly, the Government is ORDERED TO SHOW CAUSE as to why the Court should not enter an order requiring Defendant to be transported by June 15, 2022. The Government must respond to this OSC by May 31, 2022. Failure to do so will result in the Court entering such an order. Defendant may also file a response to this OSC on that same date.

IT IS SO ORDERED.

DATED: Honolulu, Hawai'i, May 25, 2022.

Jill A. Otake
United States District Judge

Cr. No. 19-00111 JAO, *United States v. Louis*; Order to Show Cause as to Why the Court Should Not Order Defendant Transported to a Suitable Facility by June 15, 2022