ORIGINAL

AO 245D      (Rev. 12/18) Sheet 1 - Judgment in a Criminal Case for Revocation

# United States District Court
## District of Hawaii

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

MAR 0 6 2023

at 4 o'clock and 15 min. P M
CLERK, U.S. District Court

UNITED STATES OF AMERICA

v.

**MICHELET LOUIS**
(Defendant's Name)

**JUDGMENT IN A CRIMINAL CASE**
(For **Revocation** of Probation or Supervised Release)

Criminal Number:    1:19CR00111-001
USM Number:    11120-122

Harlan Y. Kimura
Defendant's Attorney

## THE DEFENDANT:

[✔]    admitted guilt to violation of condition <u>Standard Condition No. 13</u> of the term of supervision.
[ ]    was found in violation of condition(s) _____ after denial of guilt.

| Violation Number | Nature of Violation | Date Violation Occurred |
|---|---|---|
| 1 | Mr. Louis failed to follow the instructions of the probation officer issued on 05/17/2021, in violation of Standard Condition No. 13. | 05/17/2021 |

The defendant is sentenced as provided in pages 2 through <u>5</u> of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ]    The defendant has not violated condition(s) _____ and is discharged as to such violation(s) condition.

It is ordered that the defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

Defendant's Soc. Sec. No.:    6770

Defendant's Residence Address:
**Kapolei, Hawaii 96707**

Defendant's Mailing Address:
**Kapolei, Hawaii 96707**

March 6, 2023
_____
Date of Imposition of Sentence

_____
Signature of Judicial Officer

_____
**JILL A. OTAKE**, United States District Judge
Name & Title of Judicial Officer

3/6/23
_____
Date

AO 245B   (Rev. 6/05) Judgment in a Criminal Case
          Sheet 2 - Imprisonment

DEFENDANT:  MICHELET LOUIS                                              Judgment - Page 2 of 5
CASE NUMBER: 1:19CR00111-001

# IMPRISONMENT

     The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of: TIME SERVED (22 MONTHS).

[ ]     The court makes the following recommendations to the Bureau of Prisons:

[ ]     The defendant is remanded to the custody of the United States Marshal.

[ ]     The defendant shall surrender to the United States Marshal for this district.
     [ ] at ___ on ___.
     [ ] as notified by the United States Marshal.

[ ]     The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
     [ ] before 2 p.m.  on ___.
     [ ] as notified by the United States Marshal.
     [ ] as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____

_____

_____

     Defendant delivered on_____ to _____

at _____ , with a certified copy of this judgment.


_____
UNITED STATES MARSHAL


By   _____
                       Deputy U.S.  Marshal

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3 - Supervised Release

DEFENDANT:   MICHELET LOUIS                                                      Judgment - Page 3 of 5
CASE NUMBER: 1:19CR00111-001

## SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of: FOURTEEN (14) MONTHS.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state, or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of commencement of supervision and at least two periodic drug tests thereafter but no more than 8 valid drug tests per month during the term of supervision.

    [ ]   The above drug testing condition is suspended, based on the court's determination that you poses a low risk of future substance abuse. *(Check if applicable.)*

4.  [ ]   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check if applicable.)*

5.  [ ]   You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable)*

6.  [ ]   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location you reside, work, are a , or were convicted of a qualifying offense. *(Check if applicable)*

7.  [ ]   You must participate in an approved program for domestic violence. *(Check if applicable)*

You must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

AO 245B (Rev. 2/18) Judgment in a Criminal Case
Sheet 3A - Supervised Release

DEFENDANT:    MICHELET LOUIS                                                  Judgment - Page 4 of 5
CASE NUMBER: 1:19CR00111-001

## STANDARD CONDITIONS OF SUPERVISION

1.  You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of the time you are released, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2.  After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when to report to the probation officer, and you must report to the probation officer as instructed.
3.  You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4.  You must answer truthfully the questions asked by the probation officer. Your legitimate invocation of the Fifth Amendment privilege against self-incrimination in response to a probation officer's question shall not be considered a violation of this condition.
5.  You must live at a place approved by the probation officer. If you plan to change where you live or who lives with you, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6.  You must allow the probation officer to visit you at any time reasonable under the circumstances at your home or elsewhere, and you must permit, to the extent you are able or authorized to do so, the probation officer to take any items prohibited by the conditions of your supervision that the officer observes in plain view.
7.  You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment, you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or if there are substantial changes to your job responsibilities, you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8.  Unless you have received advance permission from the probation officer or the association is required by supervision conditions, you must not voluntarily and intentionally associate with any person you know is engaged in committing a federal, state, or local crime, not including traffic offenses, whether the crime is being committed in or outside of your presence. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9.  If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, as defined in 18 U.S.C. § 921(a)(4), or dangerous weapon (that is, anything that was designed or was modified for the specific purpose of causing bodily injury or death to another person, such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to an organization or a person relating to your criminal record or personal history or characteristics, the probation officer may require, with the court's approval, that you notify that organization or person (or that person's parent, guardian, caretaker, or other individual responsible for the person's welfare) about the risk, and you must comply with that instruction. The probation officer may contact the organization or person that you were directed to notify and confirm that you notified that organization or person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see Overview of Probation and Supervised Release Conditions, available at : www.uscourts.gov.

Defendants Signature _____

Date                  _____

AO 245B (Rev. 2/18) Judgment in a Criminal Case
        Sheet 3D - Supervised Release
═══════════════════════════════════════════════════════════════════════════════════

DEFENDANT:   MICHELET LOUIS                                      Judgment - Page 5 of 5
CASE NUMBER: 1:19CR00111-001

# SPECIAL CONDITIONS OF SUPERVISED RELEASE

1.  You must participate in an outpatient substance abuse treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity).

2.  As part of the substance abuse treatment regimen and monitoring, you must submit to substance abuse testing to determine if you have used a prohibited substance. You must not attempt to obstruct or tamper with the testing methods.

3.  You must not possess or use alcohol during the term of supervision. You must warn any other resident and/or guest that you are prohibited from possessing any alcohol in your residence and on your property. You must submit to alcohol testing at the direction of the probation office.

4.  You must participate in an outpatient mental health treatment program and follow the rules and regulations of that program. The probation officer, in consultation with the treatment provider, will supervise your participation in the program (such as provider, location, modality, duration, and intensity). You must take all mental health medications, including psychotropic medications, that are prescribed by your treating physician. You must not change mental health providers without advance approval of his US Probation Officer.

5.  You must not possess and/or use computers (as defined in 18 U.S.C. § 1030(e)(1)) or other electronic communications or data storage devices or media, without the prior approval of the probation officer.

6.  You must not access the Internet except for reasons approved in advance by the probation officer. This includes the use of social media (for example, Facebook, Snapchat, or Instagram), text applications (for example, anonymous texting applications such as TextPlus), and other communication-based applications (for example, Kik or WhatsApp).

7.  You must provide the probation officer access to any requested financial information and authorize the release of any financial information. The probation office may share financial information with the U.S. Attorney's Office.

8.  You must reside in a residential reentry center or a transitional residence for a term of up to 6 months, (following release from imprisonment) as approved by the probation officer. You must follow the rules and regulations of the center or residence. Both the probation officer and the residential reentry center or transitional residence may share information regarding your progress and/or violations. You must pay the costs of the center/residence, as directed by the probation officer.

9.  You will be monitored by GPS Monitoring for a period of 90 days, and you must follow the rules and regulations of the location monitoring program, pursuant to the Participant's Agreement. You are restricted to your residence at all times except for employment; education; religious services; medical, substance appearances; court-ordered obligations; or other activities as pre-approved by the officer. You shall earn leave as determined by the probation officer.

10. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or storage devices or media, or office to a search conducted by a U.S. Probation Officer. Failure to submit to a search may be grounds for revocation of release. The probation officer may conduct a search under this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner. You must warn other occupants that the premises may be subject to searches pursuant to this condition.

11. You must voluntarily admit yourself into a hospital for treatment upon the recommendation of the mental health provider. If you refuse, involuntary state civil commitment procedures should be pursued. A local or state hospital should be utilized if possible. If local or state facilities are unable to ensure the safety of others, the U.S. Probation Officer shall contact the court for further instructions regarding a possible return to federal custody (preferably FMC Butner, North Carolina).